OPINION of the Court, by
Judge Owsi.ey.
On Inotion, the defendant in error obtained a judgment against the plaintiffs, for the amount of a judgment, cost, &c. which had been previously recovered against him as the surety of the intestate.
The administrators having denied the execution of the obligation wherein Johnson alleged himself to be the surety, its execution was allowed to he proven by the obligee, without the- introduction of the. subscribing witness, although he appeared to have been summoned to attend, and actually resides in Mason comity, but at the time of trial was in the state of Ohio on a transient vi-gjj-
Whether, therefore, the evidence of the subscribing witness should not have been required, is the first question presented for the consideration of this court.
Generally speaking, tiie, execution of all instruments which are witnessed, must be proven by the subscribing witness himself. To this general rule, there are, it is true, exceptions: such as where the subscribing witness is dead, or domiciled abroad; and perhaps, as has been decided in modern times, the rule should be relaxed so as to dispense with evidence of tile attesting witness, where, though not actually domiciled abroad, yet, under the circumstances of the case, such as long absence, he may not be amenable to the process of the court. Rut neither authority, reason, convenience nor necessity requires a relaxation of the rule in a case where, l ike the present, the subscribing witness not, only resides within the jurisdiction of the court, but has been in fact served witii its process.
With respect to the other questions made by the assignment of errors, we are of opinion the court decided correctly. We have no doubt, that by trying the cause without the intervention of a jury, the constitution was not in the slightest degree violated. By the constitution, it is true, the right of trial by jury is preserved inviolate ; but as before its adoption, equity, according to its settled rules of proceeding, would without a jury have extended relief in a case like the present, it cannot, since the passage of the statute giving this summary remedy, be held an infraction of the constitution for the court to try the cause without the intervention of a jury.
*532 Because the evidence of the subscribing witness w'aa not produced, the judgment must however be reversed with costs, the cause remanded and further proceeding's had not inconsistent with this opinion.